1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA- EASTERN DIVISION**

ROBERT A. McGEHEE           ) ED CV 05-984 SH
         Plaintiff,        ) MEMORANDUM DECISION
                                   )
v.                                   )
                                   )
JO ANNE B. BARNHART,        )
Commissioner of Social Security,    )
         Defendant.       )
_____ )

## I. PROCEEDINGS

Plaintiff Robert McGehee filed claims for Social Security Disability

Insurance benefits and Supplemental Security Income (SSI) on May 2, 2003 and

the applications were initially denied. After review by the Administrative Law

Judge (ALJ), the claims were denied on April 29, 2005, and denied review by the

1

1

Appeals Council.

2

3

## II. ISSUES

4

5

Plaintiff makes two challenges to the ALJ's determination.  Plaintiff alleges

6

(1) that the ALJ did not properly consider all of the available medical evidence,

7

8

including opinions of limitations and disability expressed by the plaintiff's treating

9

physicians and (2) that the ALJ did not properly evaluate Plaintiff's subjective

10

11

complaints and credibility.  Defendant argues that the ALJ provided adequate

12

rationale that was supported by substantial evidence for the finding that, in the

13

14

absence of alcohol use, Plaintiff is not disabled, as well as for the finding that

plaintiff's subjective claims were not credible.

15

16

For the reasons shown below, the Court agrees with the ALJ's finding that

17

absent alcohol use, Plaintiff is not disabled.  The Court finds that the Plaintiff's

18

second claim of error has merit.

19

20

## III. ISSUE 1

21

Plaintiff argues that the ALJ failed to mention several significant statements

22

23

from treating physicians regarding Plaintiff's limitations; specifically reports from

24

Prakashchandra Patel, M.D.   (AR285, 323 ) and Evelyn Tetteh-Martey, M.D.

25

(A.R. 307) and other treating physicians' reports that stated low GAF scores.

26

(AR 240,244,284).

27

28

2

The ALJ properly summarized the reports of Dr. Patel, Dr. Martey and the other treating physicians in his opinion, recognizing that the Plaintiff suffers from ailments, including Hepatitis C, side effects of medication, pancreatitis, cataracts, low back pain, hypertension, a depressive disorder and a substance abuse disorder. (AR 16-19). The ALJ found that, in the absence of alcohol use, the Plaintiff's impairments do not met and are not medically equal to one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Because the Plaintiff's substance abuse was found to be factor material to continuing psychiatric pathology, the Plaintiff is not disabled.

Social Security disability benefits are precluded for those claimants whose alcoholism or drug addiction is a contributing factor to the determination of their disability. 20 C.F.R. §416.935. After the ALJ has concluded that an individual is disabled, if there is medical evidence of drug addiction or alcoholism, then it must be determined whether the claimant would still be found disabled if he stopped using alcohol or drugs. Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001)(citing 20 C.F.R. §§404.1535, 416.935). The ALJ may only find that alcohol abuse is material to Plaintiff's disability if substantial evidence shows that, absent alcohol abuse, the Plaintiff's impairments are not disabling. See Chavez v. Brown, 844 F.2d 691 (9th Cir. 1988). At this stage, the burden shifts to the claimant

to show that his alcoholism or drug addiction is not a contributing factor to his disability determination.  <u>Ball v. Massanari</u>, 254 F.3d 817, 822-23 (9th Cir. 2001).

There was sufficient substantial evidence to allow the ALJ to find that alcohol was a material factor in Plaintiff's impairments.  The Plaintiff has used alcohol recurrently,  necessitating interruption of his treatment for hepatitis and resulting, at one point, in hospitalization for emergency psychiatric hospitalization. (AR 231, 238-40).   Treating physician Dr. Patel noted Plaintiff's on-again off-again drinking, his refusal to take prescribed medications, and that his drinking remains a "big problem."   (AR 285-86, 300, 334-35).

Additionally, many of the GAF scores that the Plaintiff claims were erroneously disregarded were from periods of Plaintiff's drinking.   For example, on July 1, 2003 the treating physician notes that the Plaintiff "has been drinking alcohol again." (AR 300).  On July 4, 2003, three days after the previous physician noted alcohol consumption, Plaintiff was given a GAF score of 31. (AR 240). Two days later, another physician gave the Plaintiff a GAF score of 35.  (AR 244).  The GAF scores on the record are, therefore, not reflective of the Plaintiff's mental functioning absent his alcohol abuse.  Failure to discuss these scores is not fatal to the decision of non-disability.  <u>Howard v. Commissioner</u>, 275 F.3d 235, 241 (6th Cir. 2002).

The ALJ properly found that in the absence of alcohol use, the Plaintiff's depressive disorder allows the Plaintiff to perform simple, repetitive tasks in a non-public setting. Because there was no medical evidence of physical limitations in the treating physicians' reports, the ALJ properly relied on the State Agency medical consultants in the assessment of physical residual capacity when he found a limitation to a full range of light work.

## IV. ISSUE 2

Plaintiff argues that the ALJ failed to cite specific cogent reasons for disbelieving Plaintiff's subjective complaints and the statement of Plaintiff's father.  Defendant argues that the ALJ mentioned specific reasons for rejecting Plaintiff's testimony, including the failure to comply with treatment programs and refusal to take medications.

Once the Plaintiff has produced objective medical evidence of an impairment, the ALJ is required to set forth specific cogent reasons for disbelieving Plaintiff's testimony regarding the severity of the impairment.  Lewin v. Schweiker, 654 F. 2d 631, 635 (9th Cir, 1981).   Lawrence DiCapua, M.D. diagnosed the Plaintiff with mild thoracolumbar scoliosis, which provides objective medical evidence for low back pain and weakness in the back.  (AR 174). The ALJ accepted the Plaintiff's low back pain in his findings, but failed to

analyze further the Plaintiff's claims relating to his pain, including Plaintiff's stated inability to work consistently.  (AR 379).  Additionally, one of the medical experts erroneously stated that Plaintiff's low back pain was "without medical objective findings."  (AR 382).  The ALJ failed to discuss specific reasons for rejecting the Plaintiff's claims of pain. While the ALJ does state that the Plaintiff has not been compliant with mental health recommendations, and that the Plaintiff's condition would be improved in the absence of alcohol, these factors have no bearing on Plaintiff's complaint of excess pain in relationship to his low back impairment.

## V. ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings and consideration of Plaintiff's and any other lay witnesses' excess pain testimony in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405 (g).

DATE: July 6, 2006

_____/S/_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE